UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD A. CASE,               ) | |
|                              ) | |
|         Plaintiff,        ) | CASE NO. C05-2072-TSZ-MAT |
|                              ) | |
|   v.                                    ) | REPORT AND RECOMMENDATION |
| KATE C. PFLAUMER,        ) | |
|                              ) | |
|         Defendant.        ) | |

This is civil rights action brought under 42 U.S.C. § 1983.   Plaintiff Richard Case submitted the instant action to this Court for filing in December 2005 while he was awaiting trial in King County Superior Court on a charge of first degree murder.   Plaintiff alleged in his complaint that Kate Pflaumer, in her role as an employee of the King County Office of the Public Defender, denied him his right to effective self-representation when she denied him the resources necessary to prepare a meaningful defense for trial.   Plaintiff requested declaratory and injunctive relief, and damages.

In April 2006, the Honorable Thomas S. Zilly, United States District Judge, issued an Order staying this action pending final resolution of plaintiff's state court proceedings.   (Dkt.

REPORT AND RECOMMENDATION
PAGE -1

No. 7.)  In February 2010, Judge Zilly lifted the stay, after determining that plaintiff's direct appeal had been terminated, and referred this matter to the undersigned for further proceedings. (Dkt. No. 15.)

In April 2010, this Court issued an Order directing plaintiff to show cause why this action should not be dismissed pursuant to 28 U.S.C. § 1915A(b) based upon his failure to state a cognizable ground for relief.  (Dkt. No. 16.)  The Court explained in that Order that a claim brought under § 1983 which calls into question the lawfulness of a plaintiff's conviction or confinement does not accrue "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."  (*See id*. at 2, citing *Heck v. Humphrey*, 512 U.S. 477, 489 (1994)).  The Court further explained that because it appeared that a decision in plaintiff's favor on the claim set forth in his civil rights complaint would undermine the validity of his criminal conviction, and because plaintiff had made no showing that his conviction has been invalidated, it appeared that plaintiff's claim was not cognizable in this § 1983 action and that this action was subject to dismissal.  (*Id*.)

In early August 2010, plaintiff filed a response to the Order to Show Cause.  (Dkt. No. 19.)  In his response, plaintiff makes no claim that his criminal conviction has been invalidated.  Instead, he asserts that the stay in these proceedings was prematurely lifted because his state court criminal proceedings have not yet concluded.  (*See id*. at 4.) Specifically, plaintiff contends that he filed a motion for relief from judgment in the King County Superior Court in August 2009 which remains pending.  (*Id*.)  He further contends that the Superior Court has refused to take action on his motion thereby violating his rights to due process and to equal protection.  (*Id*. at 6.)  Plaintiff asks this Court to direct the King

REPORT AND RECOMMENDATION
PAGE -2

County Superior Court to "file, docket and process" his motion for relief from judgment. (Dkt. No. 19 at 8.)

Plaintiff submitted in support of his response to the Order to Show Cause a copy of what appears to be the last page of the docket for his King County Superior Court criminal case. (*Id.* at 13.) The docket shows that a mandate was issued with respect to plaintiff's direct appeal on January 8, 2010. (*See id.*) The mandate signifies that the appellate court has terminated review. *See* Washington Rule of Appellate Procedure 12.5(a). The docket also appears to show that the Superior Court ruled on two motions filed by plaintiff in August 2009. (Dkt. No. 19 at 13.) The docket does not indicate that there are any motions still pending in that court.[1]

As it appears clear from the record before this Court that plaintiff's conviction is now final in the state courts, the stay of this proceeding was properly lifted. And, as it further appears clear from the record that plaintiff's conviction has not, at this juncture, been invalidated in any way, plaintiff's claim for relief under § 1983 is barred by *Heck*. Accordingly, this Court recommends that the instant action be dismissed without prejudice under 28 U.S.C. § 1915A(b) for failure to state a cognizable ground for relief. A proposed order accompanies this Report and Recommendation.

DATED this 9th day of September, 2010.

/s/ MARY ALICE THEILER
Mary Alice Theiler
United States Magistrate Judge

---

[1] Even if there were matters still pending in the King County Superior Court, this Court would have no authority, in the context of this civil rights action, to issue any directives to that court.

REPORT AND RECOMMENDATION
PAGE -3