UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| RICHARD A. CASE, | ) | |
| | ) | CASE NO. C05-2072TSZ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| KATE C. PFLAUMER, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The Court ADOPTS the Report and Recommendation, docket no. 20, with the following clarifications. Although plaintiff contends that the Court must grant him leave to amend his complaint, the Court need not grant leave to amend in lieu of dismissal if the Court determines that the deficiencies in his complaint could not possibly be cured by the allegation of other facts. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). Here, plaintiff's complaint alleges that defendant Pflaumer prevented him from preparing a defense for trial. Compl., docket no. 5. Success on plaintiff's claim in this case would necessarily undermine his state criminal conviction,

ORDER -1

which plaintiff concedes has not been reversed, expunged, or invalidated.  Therefore, the Court need not grant plaintiff leave to amend because he can plead no set of facts that would establish a cognizable claim for relief under 42 U.S.C. § 1983.  Heck v. Humphrey, 512 U.S. 477 (1994); see also Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief) . . . if success in that action would necessarily demonstrate the invalidity of confinement . . . .").  Plaintiff's claims are DISMISSED without prejudice.

The Court further DENIES plaintiff's motion for an extension of time, docket no. 21.  Although captioned as a motion for an extension of time, the Court construes plaintiff's motion as a request for leave to amend his complaint to state new claims for relief against new parties.  Specifically, plaintiff seeks to abandon his section 1983 claim in lieu of alternative relief under the federal declaratory judgment and mandamus statutes.  Plaintiff requests that this Court issue a Writ of Mandamus directing the state court that heard his criminal case to process his motion for relief from judgment, which plaintiff contends the state court has ignored.  Plaintiff's proposed amendments would not state a cognizable claim for relief because this Court is without jurisdiction to issue a writ of mandamus to a state court.  See Smith v. Thompson, 437 F. Supp. 189, 191 (E.D. Tenn. 1976) (holding that the federal court did not have jurisdiction to issue a writ of mandamus directing a state court to act on plaintiff's post-conviction petition for relief); Clark v. Washington, 366 F.2d 678, 681 (9th Cir. 1966) ("The federal courts are

ORDER -2

01 without power to issue writs of mandamus to direct state courts or their judicial officers
02 in the performance of their duties . . . .").
03     The Clerk is directed to send copies of this Order to all counsel of record, to
04 plaintiff pro se, and to Magistrate Judge Theiler.
05     DATED this 25th day of October, 2010.

_____
Thomas S. Zilly
United States District Judge

ORDER -3